[Sac. No. 205.   Department Two.—December 7, 1896.]

IN THE MATTER OF THE ESTATE AND GUARDIANSHIP OF EDWARD ROY JACK, A MINOR.

GUARDIANSHIP—ESTATE OF MINOR—SALE OF REALTY—DISPROPORTIONATE VALUE—ORDER FOR NEW SALE—DISCRETION—APPEAL—REVIEW OF EVIDENCE.—The sale of the real property of a minor by his guardian is governed by the same rules which govern sales of the real property of deceased persons; and when the court is satisfied from the evidence as to the value of the property, that the amount bid by the purchaser, including an increased bid in court, is disproportionate to the value of the property, the court has discretion to refuse to confirm the sale, and to set it aside and order a new sale; and its conclusion from the evidence as to the facts cannot be disturbed upon appeal, upon the ground that the testimony in support thereof is incredible.

ID.—ASCERTAINMENT OF VALUE—CROSS-EXAMINATION OF WITNESSES—BASIS OF ESTIMATE.—In ascertaining the real value of the land sold, it is proper for the court to be informed upon what ground the estimates of value made by the witnesses are based, and it may permit cross-examination of real estate agents who have given low estimates of value, to show that their estimates were based upon a forced sale.

APPEAL from an order of the Superior Court of San Joaquin County vacating and setting aside a sale of the property of a minor by his guardian and ordering a new sale.   Jos. H. BUDD, Judge.

The facts are stated in the opinion.

*James A. Louttit,* and *Paul C. Morf,* for Appellant.

The authority of the court is limited to such a supervision and control that a just and fair price may

be obtained for the property for the benefit of the estate.
(Code Civ. Proc., sec. 1554; *Spriggs' Estate*, 20 Cal. 125;
*In re Pearsons*, 98 Cal. 613.)    The only test of value is
what the property will bring.    (*Irby* v. *Irby*, 11 Lea,
165; *Montgomery* v. *Sayre*, 100 Cal. 182; 38 Am. St.
Rep. 271; *San Diego Land etc. Co.* v. *Neale*, 88 Cal. 56;
*Boom Co.* v. *Patterson*, 98 U. S. 403; *Little Rock etc. Co.*
v. *Woodruff*, 49 Ark. 381; 4 Am. St. Rep. 51; *Anderson*
v. *White*, 2 App. D. C. 408.)    The unsupported opinion
of Mr. McDougald does not create a substantial conflict
and is too slight and uncertain to overcome the evidence
introduced on the part of appellant.    (Code Civ. Proc.,
sec. 1835; *Painter* v. *Painter* (Cal. May 25, 1894), 36 Pac.
Rep. 868.)

*Minor & Ashley*, for Respondent.

All sales must be under oath, reported to and con-
firmed by the court, before the title passes.    (Code Civ.
Proc., 1517.)    If an offer of ten per cent more in
amount than that named in the return be made by the
court in writing by a responsible person, it is in the
discretion of the court to accept such offer and confirm
the sale to such person, or to order a new sale.    (Code
Civ. Proc., sec. 1552; *Griffin* v. *Warner*, 48 Cal. 383.)

BELCHER, C.—Edward Roy Jack, a minor, was the
owner of a tract of land in San Joaquin county, contain-
ing seventy-eight and forty-one one-hundredths acres,
and Ada H. Jack was the guardian of his person and
estate.    On December 6, 1895, the said guardian, pur-
suant to due and legal proceedings theretofore had in
the superior court of said county, offered for sale and
sold the said tract of land to Margaret McCormick for
the sum of fourteen hundred and fifty dollars, subject
to confirmation by the court.    The guardian duly made
to the court a return of the sale, and stated that the
same was legally made and fairly conducted, but that
the sum bid was disproportionate to the value of the
property sold; wherefore she asked that after a hearing

upon the return the court make an order rejecting said sale unless a higher offer be made at the time of such hearing. Notice of the hearing was duly given by the clerk of the court, and the matter came on regularly for consideration and decision by the court on January 3, 1896. At that time Mrs. McCormick, being present in court, filed in writing an offer increasing her bid in the sum of three dollars per acre, and thereupon asked that the said sale be confirmed. Witnesses were called and examined on both sides in relation to the value of the property, and after due consideration the court found that the sum originally bid and the increased bid were disproportionate to the value of the property sold, and that it would be for the best interests of the minor and his estate to vacate said sale and to refuse to accept said offer. Thereupon it was ordered that the sale to Mrs. McCormick be vacated and set aside, and that her offer increasing her bid in the sum of three dollars per acre be declined, and that a new sale of said premises be made by said guardian. From this order Mrs. McCormick has appealed.

The code provides that all the proceedings for the sale of property by guardians must be the same as those prescribed for the sale of the property of decedents by executors or administrators. (Code Civ. Proc., sec. 1789.) And as to the sale of property by executors or administrators the same code contains the following provisions:

"SEC. 1517. All sales must be under oath reported to and confirmed by the court before the title to the property passes."

"SEC. 1552. The executor or administrator, after making any sale of real estate, must make a return of his proceedings to the court. . . . . Upon the hearing the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appear that a sum exceeding such bid at least ten per cent, exclusive of the expenses of a new sale, may be

obtained, the court may vacate the sale and direct another to be had, of which notice must be given, and the sale in all respects conducted as if no previous sale had taken place; if an offer of ten per cent more in amount than that named in the return be made to the court in writing by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person, or to order a new sale."

"Sec. 1554. If it appears to the court that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, and that a greater sum, as above specified, cannot be obtained, or if the increased bid mentioned in section 1552 be made and accepted by the court, the court must make an order confirming the sale, and directing conveyances to be executed."

In view of these provisions of the code the question is, Did the court err in determining that Mrs. McCormick's bid, including her increased bid, was disproportionate to the value of the property, and in refusing to confirm the sale?

In our opinion the evidence was sufficient to justify the decision, and the court properly exercised its discretion in vacating and setting aside the said sale and ordering a new sale to be made.

It is true that two witnesses, M. D. Eaton and Fred Arnold, called on behalf of Mrs. McCormick, testified in effect that they resided in Stockton, San Joaquin county, and had been engaged in the real estate business for a number of years; that they knew the land in question and its value, and considered the sum of twenty dollars to twenty-one dollars and fifty cents per acre a fair price for it at that time. And on cross-examination each witness testified that his estimate of the value was based upon a forced sale, and that there was no demand for such property then; that if he owned the property he would not sell it for any such price. And the witness Eaton further testified that a portion of the land was "China land," which rented to Chinamen for from

eight to ten dollars per acre, and that a similar piece of land in that neighborhood, but better shaped, had been sold within a year for thirty dollars per acre.

On the other hand, J. D. McDougald was called as a witness on behalf of the guardian, and testified that he lived in San Joaquin county, and had known the land in question intimately for many years; that he owned adjoining lands, and knew their value. He was then asked: "What do you consider the fair market value of this land per acre?" and answered: "It is from forty to fifty dollars per acre even in these times. I based my estimate upon what it would bring and what it will rent for or produce."

It is objected for appellant that the testimony of Mc-Dougald was incredible, and not sufficient to raise a substantial conflict as against' that given by Eaton and Arnold. This objection cannot be sustained. It was for the court below to determine what were the facts, and its conclusions cannot be disturbed on appeal.

It is also objected for appellant that the court erred in permitting the witnesses, Eaton and Arnold, to be cross-examined as to the ground upon which they based their estimates of the value of the land.

We see no error in the rulings complained of. The question to be determined was what was the real value of the land sold, and in ascertaining that value it was proper for the court to be informed upon what grounds the estimates of value were based. (*Montgomery* v. *Sayre*, 100 Cal. 182; 38 Am. St. Rep. 271.)

The order appealed from should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.