## In re PINA'S ESTATE.

### S. F. No. 3108; December 30, 1902.

#### 71 Pac. 171.

**Appeal — Costs, Review of Questions Relative to. — Where a Transcript** on appeal did not set out the orders from which the appeals were taken, and in the notice of appeal the appeals were stated to be "from the order and judgment of the court striking out petitioner's bill of cost and disallowing the same," etc., but the bill of exceptions did not contain any bill of costs, or make reference to any, or to any action of the court thereon, questions relative to the court's action concerning costs could not be reviewed.

**Administrator.**—Where an Application for Letters of administration was supported by a petition stating that petitioner was a brother of deceased, and as such entitled to administer on his estate, and requesting that applicant be appointed in his stead, but the petition was not verified—merely having attached thereto a certificate in the form of an acknowledgment for a conveyance of real estate—and no evidence was offered that petitioner was a brother of deceased, or in any way related to him, the petition was properly excluded. There being no other evidence in support of the application, it was properly refused.

APPEAL from Superior Court, Sonoma County; S. K. Dougherty, Judge.

Judicial settlement of the estate of Antonio Pina, deceased, in which one Carrillo applied for letters of administration. From orders disallowing applicant's bill of costs, and dismissing the application for letters of administration, applicant appeals. Affirmed.

George Pearce for appellant; Thomas Rutledge, E. M. Norton, A. B. Ware and Clarence F. Lea for respondent.

HARRISON, J.—The orders from which the appeals herein are taken are not set forth in the transcript, but in the notice of appeal the appeals are stated to be "from the order and judgment of said court, made on the thirtieth day of September, 1901, striking out petitioner's bill of costs, and disallowing the same; also the judgment and order of said superior court denying and dismissing petitioner's application for letters of administration with the will annexed, made on the fifteenth day of October, 1901." The bill of exceptions does not contain any bill of costs, or make reference to any, or to any action of the court thereon, and this part of the appeal must therefore be disregarded.

It appears from the bill of exceptions that an application for letters of administration with the will annexed upon the estate of the deceased was before the superior court, and in support thereof certain evidence was introduced on behalf of the applicant as to his competency for the position. Certain other evidence was offered, but was not admitted by the court, and the rulings in excluding this evidence are relied upon as error.

The appellant offered in support of his application a petition by Luis Pina setting forth that he was a brother of the deceased, and as such entitled to administer upon his estate, and requesting that the appellant be appointed in his stead. This petition was not verified, but had attached thereto a certificate of acknowledgment in the form of an acknowledgment for the conveyance of real estate, and, upon the objection of the contestants, was excluded by the court. No evidence was offered on the part of the applicant that Luis Pina was a brother of the deceased, or in any way related to him, and the court very properly excluded the petition. This was the only evidence offered by the applicant in support of his right to have letters of administration issued to him.

Certain exceptions were taken to other rulings of the court, but none of these rulings are of such a character as would justify a reversal of the orders.

The orders are affirmed.

We concur: McFarland, J.; Van Dyke, J.