[S. F. No. 3592. Department Two.—February 9, 1904.]

In the Matter of the Estate of CHARLES ROBINSON, Deceased. NICKELS & BROWN BROS., Appellant, v. BUHMAN BROS., and D. S. KYSER and E. W. HOTTEL, Executors, Respondents.

ESTATES OF DECEASED PERSONS—SALE OF PROPERTY BY EXECUTORS—POWER IN WILL—MEMORANDUM OF SALE—STATUTE OF FRAUDS.—Where a sale of real estate and personal property of a deceased testator is made under a power in the will, the purchaser deals with the executor as he would with any other vendor, except that the court must confirm the sale; and a memorandum of sale by the executor is sufficient under the statute of frauds if it contains the names of the parties and a sufficient description of the property for identification, and the price and terms of purchase, and states that the sale is made subject to confirmation by the superior court.

ID.—UNTENABLE OBJECTION TO SALE.—Where the evidence shows without conflict that the amount of twenty thousand dollars bid at the sale was a fair price for the property sold, which consisted of real property appraised at sixteen thousand dollars, and personal property appraised at less than three hundred dollars, and that a sum ten per cent in excess of the amount bid could not probably be obtained on a resale, the appellant corporation, which after such sale made an offer not binding to pay six hundred dollars more for the property, but refused to offer ten per cent in advance of the bid, and which was not a legatee, is not in a position to object that the sale *en masse* was voidable because of such increased offer, and because the amount bid was not sufficient to pay the legacies in full.

ID.—CONFIRMATION OF SALE—DUTY OF COURT.—Where at the time of the written memorandum of sale no binding offer to increase the amount bid had been made, it was the duty of the court to confirm the sale unless the price bid was disproportionate to the value of the property, and it is made to appear that an increased bid of ten per cent may be obtained.

ID.—APPEAL FROM ORDER OF CONFIRMATION—RETURN OF SALE NOT IN RECORD—OBJECTIONS NOT APPEARING—PRESUMPTIONS.—Upon appeal from an order of confirmation, it is the duty of the appellant to make the return of sale, which was used upon the hearing, a part of the record; and where such return does not appear, and it does not appear that appellant filed any objections to the return, all presumptions are against error in the order appealed from, and it must be affirmed. It may be that the return showed that the appellant had withdrawn its bid and consented to the order appealed from.

APPEAL from an order of the Superior Court of Napa County confirming a sale of real and personal property by an executor. Henry C. Gesford, Judge.

The facts are stated in the opinion.

Bell, York & Bell, for Appellant.

Webber & Rutherford, for Buhman Bros., Respondent.

F. E. Johnston, and F. E., H. L., and L. E. Johnston, for Executors, Respondents.

COOPER, C.—This is an appeal by Nickels & Brown Bros., a corporation, from an order confirming a sale of real and personal property to Buhman Bros., and comes here on a bill of exceptions. It is claimed by respondent that as the court made an order refusing to confirm a sale of the same property to appellant, and the time for appealing from said order has expired, therefore appellant is not a party aggrieved in this case, and cannot appeal, and that its appeal should be dismissed. It is not necessary to decide this question, as we have concluded that the order should be affirmed. The facts as shown by the record are substantially as follows: Deceased left a will, of which the respondents Kyser and Hottel were duly appointed executors. This will authorizes the executors to sell at public or private sale, with or without notice, any or all property of the estate, without an order of court authorizing the same. A few days prior to October 15, 1902, the executors made a parol agreement to sell the property to Buhman Bros. for twenty thousand dollars. After the oral agreement had been made and five hundred dollars deposited, the attorney for appellant informed the executors that appellant would give twenty thousand five hundred dollars for the property, and was ready to make a deposit in the amount required. The executors telephoned to their attorney, and were informed that Buhman Bros. had been in their office and left a deposit of five hundred dollars on the sale to them. They then refused to accept a deposit from appellant. On October 15, 1902, the executors, acting under the power of sale in the will, and carrying out the oral agreement, sold the property known as the "Robinson Ranch," together with the personal

property thereon, to Buhman Bros., for the sum of twenty thousand dollars, the sum of five hundred dollars having been paid down when the oral agreement was made. A memorandum of sale was made as follows:—

"Napa, Cal., October 15th, 1902.

"Received from J. J. Buhman, Jr., C. J. Buhman, J. S. Buhman and E. J. Buhman, the sum of five hundred dollars as a deposit on the purchase price of $20,000 for what is commonly known as the 'Robinson Ranch' in Browns Valley, Napa County, together with the personal property situate thereon, belonging to the estate of Charles Robinson, deceased. Said sale is made subject to the confirmation of the superior court of Napa County. In case said sale be confirmed the balance of the purchase price, $19,500 to be paid on delivery of deed. In case said sale be not confirmed, the said sum of $500 to be returned to the said Buhman.

"D. S. Kyser,

"E. W. Hottel,

"Executors of the Estate of Chas. Robinson, deceased."

After the deposit had been made, and the above memorandum signed, and before any return of sale had been made, the executors were advised that the appellant would pay more for the property than the sum for which it had been sold. Without returning the five hundred dollars to Buhman Bros., and without their consent, the executors published a notice in a newspaper calling for bids. The notice was dated October 22, 1902. In response to the published notice, and with knowledge of the agreement with Buhman Bros., the appellant made a bid in writing offering the sum of twenty thousand four hundred dollars for the real estate, and two hundred dollars for the personal property, and accompanied the bid with a deposit of five hundred dollars as required by the notice. The executors filed a return of the latter sale to appellant, in which the facts as to the prior sale were set forth, and it was stated therein that, by reason of the larger bid by appellant, the executors had concluded to withdraw the acceptance of the former sale and asked that the sale to appellant be confirmed.

The return of sale came on for hearing on November 17, 1902, at which time objections to the confirmation were filed by Buhman Bros., in which they set forth the facts as to the

prior sale to them, the neglect of the executors to report such sale, and the claim that they were the parties entitled to purchase the property. After having been regularly continued, the hearing on the return came up on the 24th of November, 1902, when the attorneys for the executors moved to dismiss the return of sale to appellant upon the ground that it had been erroneously made, and that the prior sale to Buhman Bros. was valid.

The court did not then dismiss the return of sale to appellant, but, by consent, continued the matter for two weeks, in order to enable the executors to make a return of the prior sale to Buhman Bros.

The attorneys for appellant not only consented to the continuance, but waived objections to the filing of a return of sale to Buhman Bros. The executors, on the twenty-sixth day of November, 1902, filed a return of the former sale to Buhman Bros., but which return does not appear in the record. No objection appears to have been made by appellant to this latter return of sale, and the matter coming up regularly on the thirtieth day of December, 1902, the court made an order confirming the sale to Buhman Bros., and also made an order dismissing the return and account of sales to appellant. No exception appears to have been taken to either order, and no appeal from the latter. The real estate was appraised at sixteen thousand dollars and the personal property at $267.67. The evidence without contradiction shows that the sum of twenty thousand dollars is a fair price for the property sold, and that a sum ten per cent in excess of the said amount could not probably be obtained on a resale. There is no evidence in the record to show that appellant is responsible, or that it would have paid for the property if the sale to Buhman Bros. had not been confirmed. Upon this record we will consider the appellant's points in the order presented in its brief.

The first contention is, that the memorandum of agreement herein set forth was not sufficient "to take the sale out of the statute of frauds." No reason is given as to why the memorandum is not sufficient, and no authority is cited which shows that it is not. The sale being made under a power in a will, the purchaser deals with the executor in such a case as he would with any other vendor, except that the court must confirm the sale. (*In re Pearsons,* 98 Cal. 612.) The memo-

randum contains the names of the parties, a sufficient description of the property for identification, and the price and terms of purchase, and states that the sale is made subject to confirmation by the superior court. This is sufficient. (Civ. Code, sec. 1741; *Moss* v. *Atkinson*, 44 Cal. 16; Browne on the Statute of Frauds, secs. 371 et seq.)

The second contention in the appellant's brief is, that the sale of the real and personal property *en masse* was voidable, for the reasons that six hundred dollars more was offered for the property by appellant, and that twenty thousand dollars would not be sufficient to pay all legacies in full. As to the latter proposition, if it could be considered at all, we cannot see how appellant is in a position to raise such question. It is not a legatee, and no one of the parties named as a legatee has appealed from the order. It is true that appellant bid six hundred dollars more for the property, but its bid was made only after the sale to Buhman Bros.

After the executors had verbally agreed with Buhman Bros., and before the memorandum in writing was made, the agent of appellant inquired of one of the executors as to the bid of Buhman Bros., and, when told that it was twenty thousand dollars, said "that his firm would give more than that, but he did not tell me how much more he would give. He did not put it in writing. I asked him if they would give ten per cent more than the offer of Buhman Bros., and he said no." One of the executors testified that appellant "had been dickering around for a long time to purchase the property, but they never would make any kind of a decent or reasonable offer for the property; at one time in a half-hearted way they offered $17,000, but we never heard anything further about it." There is not a word of evidence that appellant ever offered any sum for the property prior to the deposit made by Buhman Bros. When the memorandum was made to Buhman Bros., the executors had exercised the powers conferred upon them by the will, and the sale in absence of fraud or irregularity was binding upon the estate, subject, of course, to confirmation by the court. There is no evidence of fraud, but, on the contrary, the executors tried to repudiate the sale to Buhman Bros., but the court properly held it valid. As to the offer to pay twenty thousand five hundred dollars, after the oral sale to Buhman Bros., it was not in writing, and when

it was made the five hundred dollars had been deposited by Buhman Bros. If the oral sale was not then binding, it was certainly good as against an oral offer to pay more. At the time the written memorandum was made, no binding offer had been made by appellants. The court must confirm the sale unless the price bid is disproportionate to the value of the property and it is made to appear that an increased bid of ten per cent may be obtained. (Code Civ. Proc., sec. 1552; *Estate of Leonis,* 138 Cal. 197.) Appellant could have filed objections to the return of sale, but does not appear to have done so. It could have raised the bid ten per cent, but declined to do that. As this appeal is from the order confirming the sale to Buhman Bros., it must be presumed to be correct. Error must affirmatively appear. It may be, so far as this record shows, that appellant consented to the confirmation of the sale to Buhman Bros. As the record contains no return of the sale upon which the order was made, we could not well reverse the order upon such return. It may be that the return showed to the court that appellant had withdrawn its bid. This record shows "that the proofs having been received and the argument of counsel heard, the court on the thirtieth day of December, 1902, made and entered its decree confirming the said sale to J. J. Buhman et als." The decree is not in the record. The return of sale was a paper used on the hearing in the court below, and it was the duty of appellant to furnish it. (Code Civ. Proc., sec. 951.)

It is advised that the order be affirmed.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.