[Civ. No. 264.   Second Appellate District.—February 23, 1906.]

In the Matter of the Estate of AMANDA W. REED, Deceased. FRANCIS E. CRAWFORD, Appellant.

ESTATES OF DECEASED PERSONS—SALE OF LAND UNDER POWER IN WILL —REFUSAL TO CONFIRM—APPEAL BY PURCHASER.—On appeal from an order, made upon the application of the executor, refusing to confirm a sale of real estate sold by the executor under a power contained in the will, the purchaser cannot raise the objection that the court has no power to direct a new sale.

ID.—ORDER FOR RESALE—ENHANCED BID.—Under section 1552 of the Code of Civil Procedure, a sale of real estate belonging to the estate of a deceased person, made by the executor under a power contained in the will, may be refused confirmation by the court, and a new sale ordered, in its discretion, if an offer of ten per cent more in amount than that named in the return be made to the court, in writing, by a responsible person. At the time of tne hearing of the return, the court has power to accept such enhanced offer, although it was made in consideration of the waiver, by the executor, of certain building restrictions imposed by the terms of the original sale.

APPEAL from an order of the Superior Court of Los Angeles County, refusing to confirm a sale of real estate. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Wright, Bell & Ward, for Appellant.

Works, Lee & Works, Oscar A. Trippet, and John A. Goodrich, for Respondent.

SMITH, J.—This is an appeal from an order refusing to confirm a sale of real estate at which the appellant was purchaser. The sale was made under a power in the will of respondent's testatrix, authorizing the executor to sell and convey the property, real and personal, of the estate "upon such terms and conditions and for such prices as to him shall seem good."

The objections to the order urged by the appellant are: (1) That the sale was fair; (2) That the price was not disproportionate to the value of the property sold at the time of the sale; (3) That to justify the order proof of two conditions were essential, namely, that the price was insufficient at the time of the sale, and that a sum exceeding such bid at least ten per cent exclusive, etc., could be obtained; and (4) that the court had no power to direct a new sale. Of these points, the first is sustained by the recitals of the order, and may be admitted. As to the second, the preponderating evidence was no doubt in favor of appellant's contention; but there was some evidence to the contrary, which it appears from the statements of the court was regarded by it as sufficient to reject the sale. As to the fourth, it is a matter with which we think the appellant was not concerned; and as the order was made upon the application of the executor, who is respondent, no objection can be urged to it.

The remaining objection is based upon an incorrect construction of the statute, which authorizes the court in its discretion to set aside the sale, "if an offer of ten per cent more in amount than that named in the return be made to the court, in writing, by a responsible person." (*Estate of Robinson,* 142 Cal. 157, [75 Pac. 777].) There is nothing in the decision in *Estate of Leonis,* 138 Cal. 194, [71 Pac. 171], inconsistent with this view; that case dealt with a different provision of the statute. In the present case, a written offer of ten per cent more than the amount named in the return was made by the appellant himself; and it was then in the discretion of the court, under the provision in question, either to accept such

offer and confirm the sale, or to order a new sale. It is, indeed, claimed by the appellant that his bid was the result of a mistake. But this, we think, is immaterial; nor do we think that the court was bound to accept the offer. It may be added, however, that the appellant's bid was increased by ten per cent by another written offer by responsible bidder to purchase for the sum of $36,300; and we are of opinion notwithstanding the objections of appellant—which seem to have had some weight with the court below—that the court might have accepted this bid. The objections referred to are, that under the terms of the sale to Crawford the deed was to contain certain "conditions, covenants and restrictions" as to modes of building, etc., to operate for ten years, and that the bid of $36,300 was upon the condition that the purchaser should be so far relieved from the conditions imposed on the appellant as to permit them to erect an opera-house as described in the bid. The executor expressed his acquiescence in the proposed change, which, it appears, would have been equally beneficial to the estate; and we are of the opinion that the provisions of section 1552 of the Code of Civil Procedure were substantially complied with.

The order appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 1, 1906.