## In re STANDWAITIE'S ESTATE.

No. 8753—Opinion Filed July 23, 1918.

Rehearing Denied Oct. 23, 1918.

(175 Pac. 542.)

1. **Appeal and Error—Jurisdiction—Hearing De Novo—Extent.**

An appeal taken to the district court from an order of the county court under the provisions of section 6501, Rev. Laws 1910, upon questions both of law and of fact, vests jurisdiction in the district court to try and determine the matter de novo.

The hearing in the district court upon such an appeal is not simply a review of the proceedings in the county court to determine whether or not error of law had been committed by the county court.

2. **Appeal and Error—Judicial Sales—Discretion of Trial Court—Confirmation of Judicial Sale—Review.**

The confirming or setting aside of a judicial sale rests within the sound judicial discretion of the trial court, and, unless an abuse of such discretion appears from the record, an order of the trial court confirming or setting aside the same will not be disturbed on appeal to this court.

3. **Guardian and Ward—Judicial Sales—Sale by Guardian—Caveat Emptor.**

A sale of real estate by a guardian under the order and subject to the confirmation of the county court is a judicial sale, and the rule of caveat emptor applies to a purchaser at such sale.

4. **Executors and Administrators—Guardian and Ward—Return—Acceptance of Increased Bid—Power of County Court.**

The county court, upon the return of a sale of real estate by an executor, administrator, or guardian, is without power to accept an increased bid of 10 per cent. in excess of the sum bid at the sale conditioned upon the title to the real estate being satisfactory to the bidder.

5. **Guardian and Ward—Guardian's Sale—Confirmation — Payment of Purchase Price—Resale.**

Upon the confirmation of a guardian's sale of real estate by the county court, the purchase price of such real estate becomes immediately due and payable, and upon a demand and refusal by the bidder to pay such purchase price a resale should be ordered upon the motion of the guardian under the provisions of section 6388, Rev. Laws 1910.

(Syllabus by Rummons, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

From an order of the district court sustaining a motion to vacate and set aside an order of confirmation of a guardian's sale of real estate entered by the county court of Tulsa county the purchaser, George W. Bennett, brings error. Affirmed.

Prentice & Mason, for plaintiff in error.

Benjamine C. Conner, for defendant in error.

Opinion by RUMMONS, C. On January 5, 1916, Levi W. Jones, guardian of Toady Standwaitie, an incompetent, pursuant to an order of sale duly entered by the county court of Tulsa county, sold the real estate

in controversy at private sale to J. W. Sheppard for the sum of $2,880. Upon the hearing of the guardian's return of sale on February 12, 1916, the plaintiff in error, George W. Burnett, in open court offered to increase the Sheppard bid 10 per cent. and orally bid for said real estate, provided the title thereto was satisfactory to him, the sum of $3,168. Thereupon the county court announced the land sold to George W. Burnett, and continued the hearing to February 14, 1916, on which day the county court entered an order confirming the sale of said real estate to George W. Burnett. On February 23, 1916, Levi W. Jones, guardian of said incompetent, filed his motion in the county court to set aside and vacate said order of confirmation and order a resale of said real estate for the reason that said purchaser, George W. Burnett, had never paid the sum bid or any part thereof pursuant to said order of confirmation, and had failed and refused to comply with the terms of said sale. Due notice of the hearing of this motion was served on said George W. Burnett. On March 3, 1916, and after the hearing in the county court upon the guardian's motion, the said George W. Burnett paid into court the amount of his bid. On March 3, 1916, the guardian filed an amended and supplemental motion to set aside and vacate the order of sale of said real estate and order a resale thereof, alleging that the bid of said George W. Burnett was not in writing as required by law, but simply an oral statement that said Burnett was willing to pay the sum of $3,168 for said land, provided the title was satisfactory to him: that at said time the purchaser, the court, and the guardian knew that the title which was sought to be conveyed was not a marketable title, in that it was inherited land and no proof of heirship had ever been made of record, and the oral offer of said Burnett had no binding force or effect. Said motion further alleges that, at the time of the confirmation of said sale, the guardian was of the opinion, and so informed the court, that there was no production of oil or gas upon the land in question, but that he had since learned that before the confirmation of said sale an oil well was completed and producing approximately 20 barrels per day, and that another well had been commenced upon said land. The motion further alleges that the purchaser had never paid said sum of $3,168 or any part thereof, and had not tendered the same to the guardian until February 29, 1916.

Upon the hearing of this motion in the county court the court overruled the same and the guardian took an appeal from such order upon questions of both law and fact to the district court of Tulsa county. There the matter was tried de novo, and an order entered by the county court sustaining the amended and supplemental motion of the guardian, and setting aside and vacating the confirmation of the sale. Plaintiff in error brings this proceeding in error to reverse such order.

Plaintiff in error in his brief makes three assignments of error, which are argued together. They are:

"The court erred in rendering a judgment against this appellant and in favor of the above-named appellee, and in remanding said cause to the probate court, for the reason that a motion to set aside this judicial sale was addressed to the sound discretion of the trial court, and, in the absence of any abuse of that discretion, the district court was without authority to interfere with the proceedings had in said court. The proceedings in the trial court do not disclose an abuse of discretion."

"The court erred in rendering a judgment against this appellant and in favor of the above-named appellee for the reason that the record discloses that the probate court did not abuse its discretion in finding that the purchaser, George W. Burnett, has not neglected nor refused to comply with the terms and conditions of said sale, and that no statutory ground existed for setting aside the sale confirmed on the 14th of February, 1916, as prayed for in said guardian's amended and supplemental motion filed in said court."

"The court erred in sustaining the original amended and supplemental motion of the above-named appellee filed in the county court on the 3rd day of March, 1916, seeking to set aside the order confirming the sale entered in said court on the 14th day of February, 1916, and overruling said motion and the original motion, and vacating and setting aside the order of the court made on the 11th day of March, 1916, and reversing and setting aside said order, and remanding to the county court, with directions to said court to enter an order therein vacating and setting aside the order of confirmation of sale entered on the 14th day of February, 1916, and sustaining the aforesaid motion and supplemental motion of this appellee to set aside said sale, to all of which this appellant at said time then and there duly excepted."

These assignments of error practically present two propositions: One that, in the absence of a showing of an abuse of discretion by the county court in refusing to set aside and vacate the confirmation of

sale, the district court was without power to set aside and vacate said confirmation. The second is that the judgment of the district court is contrary to the evidence and the law.

As to the first proposition it is earnestly contended in behalf of plaintiff in error that the confirming or setting aside of a judicial sale rests within the sound judicial discretion of the trial court, and that, unless an abuse of such discretion appears from the record, an order of the trial court confirming or setting aside the sale will not be disturbed on appeal. We think that counsel for plaintiff in error are mistaken in their application of this rule to the trial in the district court. The appeal taken from the order of the county court upon questions both of law and of fact, and lodged in the district court, vested jurisdiction in the district court to try the matter de novo, and hear and determine the same. The hearing in the district court was not a review of the proceedings in the county court to determine whether or not error of law had been committed by the county court in its hearing, but the matter was presented to the district court for trial and determination de novo. There is no doubt, however, that the rule insisted upon by plaintiff in error is applicable to us in our review of the order entered by the district court.

It is contended by counsel for the guardian that the provision of section 6386, R. L. 1910, that an increased bid of 10 per cent. offered upon the hearing of the return of the sale must be in writing, is mandatory, and that in the instant case the bid of the plaintiff in error not having been in writing, but made orally in open court, the court was without jurisdiction to consider the same and without authority to confirm the sale to plaintiff in error. It is further considered on behalf of the guardian that the court was without jurisdiction to accept the bid made by plaintiff in error, it being conditioned upon the title of the ward to the land sold being satisfactory to the bidder. It is further urged in behalf of the guardian that the bidder has failed and refused to comply with the terms of his purchase, and that therefore, under the provisions of section 6388, R. L. 1910, the court should have ordered a resale.

As to the first proposition, we do not deem it necessary for the determination of this case to decide whether or not the provisions of section 6386, supra, that the increased bid be in writing, is mandatory.

Be that as it may, we think the contention in behalf of the guardian that the bid offered by the plaintiff in error was conditioned upon the state of the title of the ward is fatal to the confirmation of this sale. By the great weight of authorities it is settled that the rule of caveat emptor applies to judicial sales. 24 Cyc. 57; King v. Gunnison, 4 Pa. 171; Halleck v. Guy, 9 Cal. 181. 70 Am. Dec. 643; Lewark v. Carter, 177 Ind. 206, 20 N. E. 119, 3 L. R. A. 440, 10 Am. St. Rep. 40; Stonerook v. Wisner (Iowa) L. R. A. 1915E, 834, note. It is also settled that a sale of real estate by a guardian, under the order and subject to the confirmation of the probate court, is a judicial sale. Halleck v. Guy, supra. This being the rule of law, the guardian in the case at bar could offer to sell, and the probate court could order him to sell, only the interest which his ward might have in the real estate in controversy, and any person buying at said sale would buy at his peril; and if he were the successful bidder, and the sale were confirmed to him, he would take only the title that the ward might have to such real estate.

The record in the instant case discloses that the plaintiff in error, upon his bid being accepted and before the confirmation of the sale, demanded an abstract of title to the land in question; that, after the confirmation of the sale, upon demand being made upon him for the payment of the purchase money, he requested a delay in such payment until an examination of the title could be completed. It is clear from the evidence of the plaintiff in error that he did not consider himself bound to comply with the terms of his bid until the condition precedent which he had attached thereto was satisfied. It seems clear to us that this being a judicial sale, nothing but an unconditional bid could be considered. The minds of the county court, the guardian, and the purchaser seem never to have met in this sale; for the county court confirmed the sale as though an unconditional bid had been made, the guardian made demand for the purchase price on the same basis, while the purchaser refused to comply with his bid and pay the purchase price until he had fully satisfied himself that the title he was purchasing was good.

The fact that the purchaser, after motion had been filed by the guardian to set aside the confirmation and order a resale for his failure to comply with his bid, elected to consider the title good, and tendered the purchase money, if the record may be said to disclose a sufficient tender, would not avail him, and his right must rest upon con-

ditions as they stood at the time demand was made upon him for the payment of the purchase money.

We also think that the record sustains the last contention made in behalf of the guardian that the purchaser had failed and refused to comply with the terms of his bid. While under our practice as to guardian sales it seems that the purchaser at such sale is not required to pay the purchase price until the sale has been confirmed, yet, upon the confirmation of the sale, the purchase price should be immediately paid, and upon a demand and refusal a resale should be ordered upon the motion of the guardian under the provisions of section 6338, R. L. 1910. In the instant case, after a considerable time had elapsed from the confirmation of the sale, the guardian made demand for the purchase money. The plaintiff in error was not ready to pay because he had not fully satisfied himself as to the title. After the motion to set aside the confirmation and order resale had been filed and acted on by the county court the purchaser professed himself satisfied, and some 15 days after the confirmation of the sale paid into court the amount of his bid. We do not regard this as a compliance with the terms of his bid for the reason that the purchase money was due upon the confirmation of the sale. The estate of the ward was entitled to interest upon said sum to that date, and if the purchaser could delay for a period of more than 15 days, withhold the purchase money, and come into court with the bare principal due, he might be entitled to the same privilege after a delay of a considerably greater period, thus materially injuring the rights of the ward. We think the record discloses such a failure on the part of the plaintiff in error to pay the purchase money as to support the judgment of the district court.

It must be borne in mind that this is a direct attack upon the order, and that cases considering collateral attacks thereon have no bearing upon the instant question. It is true that the rule that courts of record have inherent authority upon motion, at the same term of court at which a judgment is entered, to vacate or modify such judgment, cannot be strictly applied to orders of confirmation of sale, but that the court in vacating or modifying such order of confirmation must rest the exercise of its discretion upon legal grounds for the vacation or modification of such order. We think, however, in the instant case the record discloses sufficient grounds to warrant the district court in the exercise of this discretion.

The formalities and regulations provided for the sale of the lands of infants and incompetents were enacted in order that the interests of such infants or incompetents might be subserved. In re Bohanan, 37 Okla. 560, 133 Pac. 44. In the instant case we feel convinced that the best interests of the incompetent would be subserved by vacating the order of confirmation and ordering a resale of said real estate.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.