Argued March 17, affirmed April 21, 1925.

## Re EDWARD W. DIXON ESTATE.

## WALTER RIME *v.* FRANK J. STREIBIG, Admr.,
### ET AL.

(234 Pac. 1106.)

**Executors and Administrators—Purchaser of Realty from Administrator not Entitled to Notice of Application for Resale.**

1.   Under Sections 534, 536, 1258 and 1260, Or. L., purchaser of real estate at administrator's sale is not entitled to notice of administrator's application to set aside sale and order resale.

**Executors and Administrators—Notice of Motion or Application for Resale of Realty ·by Administrator not Necessary.**

2.   Under Section 534, Or. L., application for resale of realty by administrator is motion, notice of which to prior purchaser is unnecessary, under Section 536.

---

See (1) 24 **C. J.** 656.   (2) 24 **C. J.** 656.

From Multnomah:   George Tazwell, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Clark, Middleton, Clark and Skulason,* with oral arguments by *Mr. Albert Abraham* and *Mr. B. G. Skulason.*

For respondent Frank J. Streibig, there was a brief over the name of *Mr. Russell E. Sewall,* for respondent Albert Nelson there was a brief over the name of *Mr. Waldemar Seton,* for respondent Bertha Studebaker there was a brief over the name of *Messrs. Latourette & Latourette,* with an oral argument by *Mr. Guy C. H. Corliss.*

BURNETT, J.—In pursuance of an order of court directing the same, the administrator of the Estate of Edward W. Dixon, deceased, sold certain real property of the estate at private sale to Walter Rime, the appellant here, for $3,500 and made report thereof to the court on May 31, 1923. The property involved had been appraised at $4,500. On June 8th following, the administrator petitioned the court to vacate the sale and order resale, stating in his petition for that purpose that one Nelson had offered $3,850 and the expenses of a new sale as his bid for the property and had paid a certain sum as earnest-money. On this petition and without notice to Rime, the court vacated the first sale with directions to refund to Rime the sum of $350 that he had paid in as earnest-money and directed a resale of the land. Rime then moved to vacate the order setting aside the sale to him and to confirm that sale. The court denied this motion, whereupon Rime appealed to this court from the order vacating the sale to him and the further order denying the motion to vacate the first order and confirm the sale to him.

Sections 1258 and 1260, Or. L., read thus:

Sec. 1258. "Within ten days after the sale of real property the executor or administrator shall make a return of his proceedings concerning such sale, and file the same with the clerk of the county court. At any time within fifteen days from the filing of said return, any person cited to appear on the application for the order of sale may file his objection to the confirmation of such sale."

Sec. 1260. "Upon the hearing, the court shall confirm the sale, and decree that the executor or administrator make a conveyance to the purchaser, unless it appear that there were irregularities in the sale, or that the sum bidden for the property is

disproportionate to the value thereof, and that a sum exceeding such bid at least ten per centum, exclusive of the expenses of a new sale, may be obtained therefor, in either of which cases the court shall make an order vacating the sale, and directing that the property be resold; and upon such second sale, the property or any specific portion or lot thereof ordered to be resold shall be sold as if no previous sale had taken place. In case no objections are made to the confirmation of the sale as provided in section 1258, the court shall nevertheless examine the proceedings concerning such sale, and if it appear proper, may make the order of resale provided for in this section, in the same manner and with like effect as if objections had been filed thereto.''

It may be contended that the administrator had no standing to object to the confirmation of the sale to Rime because under the last sentence in Section 1258 it is declared that ''any person cited to appear on the application for the order of sale may file his objection to the confirmation of such sale,'' so that the administrator not being one of those persons had no right to object. This contention, however, is obviated by the last sentence in Section 1260 making it the duty of the court on its own motion to examine the proceedings concerning such sale and if proper to direct a resale in the same manner and with like effect as if objections had been filed.

1, 2. It is made to appear in the record by the petition of the administrator that a bid exceeding the sum bid by Rime by 10 per cent had been obtained and under the *sua sponte* authority conferred by Section 1260 it was not only the power but the duty of the court to respect that advanced offer in the interest of the estate and of persons having claims upon it and order a resale. In either of two alternatives, ''the court shall make an order vacating

the sale, and directing that the property be resold."
One of them is that "there were irregularities in
the sale." The other is "that the sum bidden for
the property is disproportionate to the value thereof,
and that a sum exceeding such bid at least 10 per
centum, exclusive of the expenses of a new sale, may
be obtained therefor." The statute commands that
"in either of which cases the court shall make an
order vacating the sale, and directing that the prop-
erty be resold." All these conditions confronted the
appellant as a matter of law when he made his offer
for the property. He obtained no right that was not
subject to ademption under the statute. So far as
appears in the record before us, he was not entitled
to notice of the administrator's application for an
order setting aside the sale to him and directing a
new sale. Such an application is a motion: Or. L.,
§ 534.

"Notice of a motion is not necessary except when
this Code requires it, or when directed by the court
or judge in pursuance thereof." Or. L., § 536.

*Dunn* v. *Dunn,* 137 Cal. 51 (69 Pac. 847), cited by
the appellant, was a partition suit. The statute
under which the case was decided contains no element
like ours respecting a bid of 10 per cent in advance
of the former bid. The court refused to set aside
the sale because of mere inadequacy of price or in
absence of a showing that the property was worth
more at the time of sale. In that very case, how-
ever, the court quoting from *Allen* v. *Martin,* 61 Miss.
78, says:

"Until confirmation the sale is *in fieri* and subject
to the control of the court, but this control is a
judicial, not an arbitrary one, and confirmation must

follow unless there exists some reason recognized by law as warranting a refusal to confirm."

In the instant case the reason for not confirming is found in the statute peremptorily commanding a resale if it appears that the 10 per cent advance has been offered and can be obtained. The standard for disproportion between the sum bid and the value of the property is fixed by the statute at 10 per cent advance and must be respected by the courts in dealing with the subject. In the *Estate of Leonis,* 138 Cal. 194 (71 Pac. 171), it was held erroneous for the probate court to set aside its own order of sale. But the appellate court remanded the cause with directions to consider objections to confirmation, saying that:

"If the amount of the appellant's bid is disproportionate to the value of the property and a sum exceeding such bid at least 10 per cent can be obtained the court will not confirm the sale."

Likewise in *Estate of Robinson,* 142 Cal. 152 (75 Pac. 777), it was decided that:

"The court must confirm the sale unless the price bid is disproportionate to the value of the property and it is made to appear that an increased bid of 10 per cent may be obtained."

In *McGregor* v. *Jensen,* 18 Idaho, 320 (109 Pac. 729), the larger bid was not submitted until nearly two years after the first sale and the court declined to entertain it because it was requisite that the value be referable to the time of the sale. No showing was made as to the actual value of the property at the time of the first sale. In *Bradley's Estate,* 168 Cal. 655 (144 Pac. 136) the realty belonging to an estate had been ordered sold. A broker had a bid for the

114 Or.—23

property of $5,500, $2,300 of which had been paid to him. Instead of putting in the bid for his client at $5,500 he had a third party offer $4,500 at the sale. The true state of facts thus indicated was brought to the notice of the court. The man who had authorized the broker to bid $5,500 then offered to the court that he would bid that amount with the proviso that the broker be compelled to return to him the $2,300. The court set aside the former sale, confirmed a sale to the man who authorized the broker to bid $5,500, and ordered the latter to pay the $2,300 to the administrator. This was set aside on appeal because the new bid was only conditional, but the court, however, did not confirm the first sale. All these are precedents cited by the appellant and do not uphold his contention that mere inadequacy of price is not sufficient to overturn a sale.

In this state the whole doctrine is crystallized in the statute making it a duty of the court of its own motion to make proper inquiry into the merits of the case and if a bid of 10 per cent advance exclusive of costs of resale can be obtained, the property shall be again exposed to sale in the interest, not only of the estate, but those who have claims against it. All these statutory conditions confronted the appellant when he made his first offer and he can claim no exclusive right to confirmation under such circumstances. The judgment of the Circuit Court is affirmed.       AFFIRMED.

McBride, C. J., and Rand and Coshow, JJ., concur.