[No. 3,795.]

JOHN S. GRIFFIN, EXECUTOR OF THE WILL OF JAMES
C. WELCH, DECEASED, v. J. J. WARNER ET AL. ,

SALE OF LAND BY ORDER OF PROBATE COURT.—When a sale of the real es-
tate, left by an intestate, is made by an administrator, and a person
other than the purchaser afterwards offers to take the land at a price at
least ten per cent. greater than that bid, and the Probate Court for this
reason refuses to confirm the sale, it may, in its discretion, either order
a new sale or accept the bid of the person who thus offers an increased
price.

IDEM.—When, in such case, the Court refuses to confirm a sale, it may con-
tinue the matter for further proceedings, and, at a subsequent term,
either accept the bid of the person who offers an increased price, or
order a new sale.

POWER OF PROBATE COURT OVER ITS ORDERS. — When, in an order of the
Court refusing to confirm a sale of land made by an administrator, be-
cause an offer is made of at least ten per cent. more, a clause is inad-
vertently included declaring the sale null and void, the Court may, at a
subsequent term, accept the new bid.

APPEAL from the District Court, Seventeenth Judicial
District, County of Los Angeles.

Ejectment to recover a tract of about four acres of land,
lying in Los Angeles. On the 5th day of December, 1862,
Maria Antonio Clayton died, intestate, leaving surviving her,
her husband, Henry Clayton, but no children. At the
time of her death the demanded premises were her separate
property. In 1863, said Henry mortgaged his interest in
the land to James C. Welch, to secure his debt to said
Welch. Welch foreclosed this mortgage; and, in 1869,
received a Sheriff's deed, and afterwards, in July, 1869,
died, leaving a will, in which the plaintiff was appointed
his executor. The will was probated, and this action was
commenced on the 26th of October, 1869, to recover an
undivided one half of the premises. The complaint was
afterwards amended so as to include the whole. In
January, 1863, letters of administration on the estate of
Mrs. Clayton were issued by the Probate Court of San
Diego County, to A. S. Ensworth, who, on the 30th day of

July, 1864, by order of the Probate Court, sold the premises to George Lehman, for the sum of four hundred and ninety-five dollars, subject to the approval of the Court. On the report of the sale to the Probate Court, and on the 26th day of September, 1864, the defendant, J. J. Warner, filed affidavits that the sale to Lehman was for an inadequate price, and offered to give ten per cent. more for the property than it sold for, and the additional costs of sale. The Probate Court thereupon made an order refusing to confirm the sale to Lehman, and an additional clause was inserted in the order, declaring the sale null and void, and continuing the proceedings until the next term of the Court. Ensworth, the administrator, having died, O. S. Witherly was appointed administrator in his stead, on the 6th day of January, 1865. On the 19th day of June, 1865, the Probate Court made a further order, reciting that the clause in the former order, declaring the sale null and void, was inserted through inadvertence, and striking it out, and confirming the sale to Warner at his bid. The administrator thereupon executed a deed to Warner. The Court below rendered judgment in favor of the plaintiff for an undivided one half of the premises; but, on the application of the defendants, afterwards granted a new trial. The plaintiff appealed from the order granting a new trial.

*Glassell, Chapman & Smiths,* for the Appellant, argued that the deed of the administrator to Warner was void, because the Court had annulled the sale to Lehman, and had no power afterwards to accept Warner's bid; and also claimed that the order accepting Warner's bid was made at Chambers, and void. They also argued that the Court had no jurisdiction to proceed with the matter at a subsequent term.

*O. Melveny* and *Brunson,* for the Respondents.

By the Court, CROCKETT, J.:

The point made by the appellant that the order of June 19, 1865, was made by the Judge at Chambers and not in

open Court, is not sustained by the record. Nor was the order void because made after the lapse of the term. On refusing to confirm the first sale, it was in the discretion of the Court either to order a new sale or to accept Warner's bid. (Probate Act, sec. 169.) Instead of doing either, the Court merely vacated the sale, and held it as null and void, and continued the proceedings until the next term. It is admitted that all the proceedings were regular up to the time when this order was entered. The Court still had jurisdiction to order the sale of the land, the proceedings being yet *in fieri*. It is apparent the order was founded solely on Warner's offer to pay a larger price for the land, and not upon any supposed defect or irregularity in the prior proceedings. The legal effect of the order, as we construe it under the circumstances disclosed in the record, was merely a refusal by the Court to confirm the first sale, because Warner had offered a larger price—reserving for future determination the question whether Warner's bid should be accepted or a new sale ordered. Adding to the order the further clause that the sale was null and void, was evidently the result of inadvertence, as is apparent from the subsequent order of June 19, 1865. It would, we think, have been sufficiently clear, however, if the last order had not recited the inadvertence. It is evident from the record, without the aid of the last order, that what the Court intended to declare by the first order, was merely that the first sale was not approved, and the cause was continued for further proceedings. This and nothing more being the legal effect of the first order, the Court had jurisdiction, at a subsequent term, to accept Warner's bid. This disposes of the case, and the other points urged by counsel need not be noticed.

Order granting a new trial affirmed.

Mr. Chief Justice WALLACE concurred specially in the judgment.