[S. F. No. 2119. Department One.—February 8, 1900.]

In the Matter of the Estate of A. H. GRIFFITH, Deceased. J. COMPONICO, Appellant, v. H. M. GRIFFITH, Administrator et al., Respondents.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—COMPETITIVE BIDS UPON HEARING OF RETURN — DISCRETION OF COURT.—At the hearing of a return of sale of real estate of a deceased person, under section 1552 of the Code of Civil Procedure, the court is not bound either to accept the offer of a first bidder at an increase of ten per cent upon the price bid at the sale, or to order a new sale; but the court has discretion to receive at such hearing as many competitive bids as may be offered, and, upon a consideration of all the bids, may then determine whether to accept the highest bid or to order a new sale.

ID.—POSTPONEMENT OF HEARING AFTER ADVANCE BID—JURISDICTION.— After the making of an advance bid, the court has jurisdiction to postpone a further hearing upon the matter until another day, and has the same jurisdiction to receive additional bids at the postponed hearing which it had at the original hearing.

ID.—CONFIRMATION OF SALE TO PURCHASER AT INCREASED BID.—Where, at the hearing of the return of sale, an advance bid of ten per cent was made, and, at a postponed hearing, the purchaser offered a still higher bid, and the advance bidder then declined to make any further bid, a confirmation of the sale to the purchaser at the highest bid is within the discretion of the court.

APPEAL from an order of the Superior Court of Contra Costa County confirming a sale of real estate of a deceased person. Joseph P. Jones, Judge.

The facts are stated in the opinion of the court.

A. D. Splivalo, for Appellant.

John O'B. Wyatt, for Respondents.

THE COURT.—At the hearing of the return of sale of certain real estate made by the administrator under an order of the court, the appellant made an offer for the property of ten per cent more in amount than that named in the return, whereupon the court continued the further hearing of the matter for one week. At that time the appellant asked the court that the sale be confirmed to him, but the respondent Sarah A. Wilson, who was the original purchaser at the administrator's sale, offered to pay for the property a sum in excess of that bid by the appellant, and, the appellant declining to make any further bid, the court accepted the bid of Mrs. Wilson and confirmed the sale to her. The present appeal is from this order, and it is contended by the appellant that when he made the bid of ten per cent advance, the court, under section 1552 of the Code of Civil Procedure, had no option except to confirm the sale to him, or to order a new sale.

After the appellant had made his offer it was within the jurisdiction of the court to postpone a further hearing upon the matter until another day, and at the hearing so postponed it had the same jurisdiction to receive additional bids as it had at the original hearing. The provision in section 1552, giving the court a discretion to accept the offer of an advanced bid, or to order a new sale, does not limit its exercise of that discretion to the alternative of accepting the first offer that may be made or ordering a new sale, but it is authorized to receive as many bids as may be made, and, upon a consideration of all the bids, may then determine whether to accept the highest, or to order a new sale. The object of the provision in the above section is that the court may secure as high a price for the property as possible, and, if it can accomplish this result without subjecting the estate to the expense and delay attendant upon a new sale,

it would seem to be in the exercise of a wise discretion to permit a competitive bidding for the property at the hearing upon the return.

The order is affirmed.

Hearing in Bank denied.