[L. A. No. 18824. In Bank. Aug. 1, 1944.]

Estate of LOUISE NAFTZGER, Deceased. LAWRENCE A. WEISS et al., Appellants, v. FRED E. NAFTZGER as Executor, etc., et al., Respondents.

Ernest C. Griffith for Appellants.

John K. Boukather, T. G. Dalton and L. S. B. Ritchie for Respondents.

SCHAUER, J.—This appeal presents the question of whether on the hearing of a petition to confirm a sale of real property of a decedent's estate the probate court is authorized by section 785 of the Probate Code (hereinafter quoted) to confirm a sale to a new bidder for a price which is "ten per cent more in amount than that named in the return [petition]" but is not 10 per cent more than such amount plus expenses of sale. We have concluded that such increased price may properly be accepted and the sale to the new bidder forthwith confirmed.

Respondent Fred E. Naftzger, as the duly appointed and qualified executor of the last will and testament of Louise E. Naftzger, deceased, and pursuant to authority granted by such will, sold to contestants-appellants, at private sale, for the sum of $11,500 cash, certain real property of the estate. A petition for confirmation of the sale, reciting that "No broker's commission is payable on said sale," was duly filed with the superior court, sitting in probate, and at the hearing

upon such petition respondent Beth M. Preninger (to whom the designation "respondent" will hereinafter refer) made a written bid in open court for the property. The bid offered $12,650 cash (exactly 10 per cent more than the original bid) and stated that "The name of real estate agent procuring within bid, and to whom commission is to be paid, according to law, if confirmed by court to within bidder is as follows: Geo. S. Preninger." The court accepted such bid, confirmed the sale to respondent, and ordered the payment of a commision of $345 to the real estate agent named in the bid.

Thereafter appellants petitioned the probate court to set aside the order of confirmation. From an order denying such petition and from the order confirming the sale to respondent this appeal is taken.

Determination of the limits within which the probate court has discretion to act under the circumstances outlined above rests on the construction to be placed upon the provisions of section 785 of the Probate Code. That section reads as follows: "Upon the hearing the court must examine into the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made, and must examine the return and witnesses in relation to the sale; and if it appears to the court that good reason existed for the sale, that the sale was legally made and fairly conducted, and complied with the requirements of the previous section, that the sum bid is not disproportionate to the value, and it does not appear that a sum exceeding such bid at least ten per cent exclusive of the expenses of a new sale may be obtained, the court shall make an order confirming the sale and directing conveyances to be executed; otherwise it shall' vacate the sale and direct another to be had, of which notice must be given and the sale in all respects conducted as if no previous sale had taken place. But if a written offer of ten per cent more in amount than that named in the return is made to the court by a responsible person, and the bid complies with all provisions of the law, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale."

Appellants contend, in effect, that the last sentence of the quoted section must be understood as merely providing an

alternative procedure for a factual situation already governed by the preceding sentence and not as authorizing a special procedure peculiar to a *different or excepted* situation. In other words, it is appellants' contention that the last sentence should be interpreted as though it read: "But if a written offer of *at least* ten per cent more in amount than that named in the return, *exclusive of the expenses of a new sale* [we assume that appellants intend to include the meaning: *exclusive of any expense on confirmation of sale to the new bidder in the original sale proceeding*] is made to the court by a responsible person and the bid complies with all provisions of the law, it is in the discretion of the court to accept such offer and confirm the sale [to such person] or [to] order a new sale"; that the phrase "expenses of a new sale" (which we assume is intended to include "expenses on confirmation of sale to new bidder") must be "read into" the last sentence of the section to "avoid a conflict between such last sentence and the one which immediately precedes it, governing the probate court's powers and duties"; and that inasmuch as the bid which respondent made in open court at the time of the hearing on the petition for confirmation of sale was a "bare ten per cent above the amount of appellants' bid, and expressly provided for the payment of real estate agent's commissions" the probate court erred in accepting such bid and confirming the sale to respondent.

Respondent, on the other hand, asserts, in effect, that the last sentence of section 785 operates to add a special procedure for a certain factual situation which is specifically defined therein and which is not included in the first sentence. If the language of the first sentence could be construed to include such situation then the last sentence constitutes an exception or proviso to the first. In any event, contends respondent, the unambiguous language of the last sentence gives the probate court the authority, in its discretion, to accept a bid of at least 10 per cent more in amount than that named in the return or to order *a new sale,* and the requirement that the expenses of a new sale be included in any increased bid applies only in case the court vacates the entire sale and directs "another to be had, of which notice must be given and the sale in all respects conducted as if no previous sale had taken place."

No case has been cited to us and we have discovered none

in which the precise point here involved has been heretofore ruled upon by an appellate court of this state. Each party to this appeal argues that certain language which appears in *Estate of Flaherty* (1924), 69 Cal.App. 429 [231 P. 591], supports his position here. There, however, disregarding all question of the expenses of sale, the bid made in open court fell short of being 10 per cent more in amount than that named in the return. Therefore the remarks of the District Court of Appeal in directing the trial court to confirm the sale to the bidder named in the return can have no persuasive force for or against either party here; the situations materially differ. Nor can it be said that the factual situation upon which the court acted in *Estate of Pearsons* (1893), 98 Cal. 603, 613 [33 P. 451], or in *Estate of Reed* (1906), 3 Cal.App. 142 [85 P. 155], is analogous to that in the instant case.

We are of the opinion, however, that the section under consideration should be read and interpreted exactly as it is written. The second sentence thereof begins with the word "But," which word, it has been said, "indicates that what follows is an exception to that which has gone before, and that, therefore, what is said before the word does not control that which follows it; that it is an appropriate term to indicate the intention of those who use it to limit or restrain the sense or effect of something which had before been said, or to indicate a proviso, condition, or qualification . . . The word has been held synonymous with, or equivalent to, 'except,' and 'provided.' . . ." (12 C.J.S. 858-859.) So construing the use of the word here, it appears that the authority granted the probate court either to accept an increased bid of 10 per cent made in open court and forthwith confirm the sale to the bidder or, if the court's discretion so dictates, "to order a new sale," does not contemplate that such bid in open court must include in addition to the specified 10 per cent increase, "the expenses of a new sale."

The term "new sale" is apparently used in the quoted statute as referring to a new and independent proceeding "of which notice must be given and the [new] sale in all respects conducted as if no previous sale had taken place." (Prob. Code, § 785.) If the court does not order such "new sale" but acts in the other alternative and confirms forthwith in the initial sale proceeding the sale to the new bidder there

is apparent no sound basis for requiring the new bidder to increase his bid by the amount of the expenses of a "new sale" which is not going to occur. The sale to the new bidder confirmed *in the initial proceeding* apparently is not a "new sale" within the contemplation of the code section. It is perhaps significant, in this connection, that provision is made in section 761 of the Probate Code for division of a real estate agent's commission between an agent who, in reliance on a written contract of employment (Prob. Code, § 760), has secured the bid named in the return and another agent who secures an increased bid which is made and accepted in open court, but there is no requirement that additional commission payable by reason of the increased bid must be added to the amount of such bid.

 We are of the view that the probate court should be permitted "the exercise of a wise discretion" (see *Estate of Griffith* (1900), 127 Cal. 543, 544 [59 P. 988]; see, also, *Gossman* v. *Gossman* (1942), 52 Cal.App.2d 184, 194-195 [126 P.2d 178]) in determining whether to confirm a sale on a bid made in open court of barely 10 per cent more in amount than that named in the return, or to order a new sale.

 We perceive no sufficient reason for reading into the second sentence of section 785 the requirement that to "ten per cent more in amount than that named in the return"— which amount "named in the return" in the contemplation of the statute may be subject to the payment of commissions and other expenses—there be added some assumed amount equal to the expenses of "a new sale" which is not to take place or an amount equal to an expense which may be incident on confirmation of the sale in the original proceedings to the new bidder. (See *Estate of Bradley* (1914), 168 Cal. 655, 660 [144 P. 136].) The statute itself does not specify such requirement; we shall not add it.

For the reasons above stated the orders appealed from are affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Appellants' petition for a rehearing was denied August 24, 1944.