[Civ. No. 17294.   Second Dist., Div. One.   Feb. 15, 1950.]

GLADYS L. PARKER, Respondent, v. MARGARET M. OWEN, Appellant.

Joseph N. Owen for Appellant.

No appearance for Respondent.

DRAPEAU, J.—By the instant action, plaintiff Gladys L. Parker sought to partition nine pieces of real property and two bank accounts between herself and her sister, defendant Margaret M. Owen, all of which property had been originally owned by their mother.   During pendency of the cause, both the mother and the plaintiff died, but the action was continued in the name of the latter.

At the trial the court found that the action had been dismissed as to five parcels of real estate and that the parties each owned an undivided one-half interest in the two bank accounts and in the remaining four parcels; and that the latter could not be partitioned without great prejudice to the owners.   Pursuant to its findings and conclusions, the court granted an interlocutory judgment of partition by which it appointed referees and ordered them to sell the four parcels of realty and after payment of costs and attorneys fees, to divide the balance between the two sisters, who were granted permission to bid at such sale.

For brevity, the realty here involved will be referred to

as Parcels 1: Hermosa, 2: Normandie, 3: Oxford and 4: Vermont.

Thereafter the sale was duly made and the referees submitted their report that Parcels 1, 2 and 3 were sold to defendant Owen for $8,750, $10,250 and $18,250, respectively; and that Parcel 4 was sold to Wm. R. Parker, individually and as trustee for Donald L. Parker, distributees by order of partial distribution in estate of Gladys L. Parker, deceased, for $35,000; that these were the highest and best bids tendered and that the property was sold subject to confirmation of the court.

When said report of referees and petition for confirmation of sale came on for hearing, the court asked for further bids in open court, whereupon over the objection of defendant Owen, written offers increasing the sale bids by 10 per cent were made as follows:

Parcel 1: Hermosa, an increase of $875, or a total bid of $9,625 by Wm. R. Parker, as president of Parker Construction Company, a California corporation;

Parcel 2: Normandie, an increase of $1,025, or a total bid of $11,275 by Wm R. Parker individually and Wm. R. Parker as trustee for Donald L. Parker, as successors in interest of plaintiff Gladys L. Parker, under order of partial distribution in her estate. There being no further or higher offers made, the court confirmed the sales of Parcels 1 and 2 at the increased bids in open court, and also confirmed the sales of Parcels 3 and 4 as made at the referees' sale.

This appeal is taken by defendant Owen from that portion of the order which confirmed the sales of Parcels 1 and 2 to the Parkers on the increased bid in open court.

It is here contended that a mere raise in price at the time of confirmation, coupled with nothing else warranting legal or equitable interference, does not justify a court in refusing to confirm a sale made by its referees.

The point requires the construction of the language of section 784 of the Code of Civil Procedure which outlines the procedure to be followed in judicial sales of this character, i.e., the filing of a detailed report of the sale by the referees in the office of the county clerk, after which upon notice any purchaser may move the court to confirm or set aside any sale so reported. "Upon the hearing, the court must examine the return and report and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appears that a sum ex-

ceeding such bid at least ten per cent, exclusive of a new sale may be obtained, the court may vacate the sale and direct another to be had, of which notice must be given, and the sale conducted in all respects as if no previous sale had taken place. If an offer of ten per cent more in amount than that named in the return be made to the court, in writing, by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person, or to order a new sale.''

Appellant urges that read together, the last two sentences of said section, hereinabove quoted, may be fairly interpreted to mean that when it appears that the ''proceedings were unfair,'' or ''the sum bid disproportionate to the value,'' and ''that a sum exceeding such bid at least 10% . . . may be obtained,'' the court in its discretion may either ''vacate the sale and direct another to be had,'' or accept an offer (exceeding by 10% the amount named in the return) made in open court by a responsible person in writing. In other words, that either some unfairness in the sale or inadequacy of price must be present to justify the acceptance of a new bid at the time of confirmation.

Appellant cites no case and research discloses none in which the construction of this section has been ruled on by an appellate court of this state. However, judicial interpretations of the meaning of section 785 of the Probate Code, which is similarly worded, are particularly persuasive. For instance, in *Estate of Bradley*, 168 Cal. 655, 660 [144 P. 136], it was ''argued that the requirement of unfairness or disproportion must also be met to authorize the court to accept an increased offer of ten per cent under the final sentence of section 1552 [of the Code of Civil Procedure, now section 785 of the Probate Code]. It is there provided that 'If an offer of ten per cent more in amount than that named in the return be made to the court, in writing, by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person, or order a new sale.' But no such condition is stated in this part of the statute, and we see no sufficient reason for reading it in. That the increased offer, to the amount stated, is all that is needed to justify the court in confirming the sale to the highest bidder or ordering a new sale, was clearly intimated in *Griffin* v. *Warner*, 48 Cal. 383, where the court was considering a section of the Practice Act, substantially similar to section 1552 of the Code of Civil Procedure . . .''

It should here be noted that the sentence construed in the cited case is worded almost exactly the same as the last sentence of section 784 of the Code of Civil Procedure now being considered.

The last sentence of section 785 of the Probate Code now reads: "But if a written offer of 10 percent more on the first ten thousand dollars ($10,000) bid and 5 percent more on the amount of the bid in excess of ten thousand dollars ($10,000) is made to the court by a responsible person, and the offer complies with all provisions of the law, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale."

In discussing this section in *Estate of Naftzger,* 24 Cal. 2d 595, 597, 599-600 [150 P.2d 873], the Supreme Court stated: "Appellants contend, in effect, that the last sentence of the quoted section must be understood as merely providing an alternative procedure for a factual situation already governed by the preceding sentence and not as authorizing a special procedure peculiar to a *different or excepted* situation. (Emphasis included.) . . .

"We are of the opinion, however, that the section under consideration should be read and interpreted exactly as it is written. . . .

"We are of the view that the probate court should be permitted 'the exercise of a wise discretion' (see *Estate of Griffith* (1900), 127 Cal. 543, 544 [59 P. 988]; see, also, *Gossman* v. *Gossman* (1942), 52 Cal.App.2d 184, 194-195 [126 P.2d 178] in determining whether to confirm a sale on a bid made in open court of barely 10 per cent more in amount than that named in the return or to order a new sale. We perceive no sufficient reason for reading into the second sentence of section 785 the requirement that to 'ten per cent more in amount than that named in the return'—which amount 'named in the return' in the contemplation of the statute may be subject to the payment of commissions and other expenses—there be added some assumed amount equal to the expenses of 'a new sale' which is not to take place or an amount equal to an expense which may be incident on confirmation of the sale in the original proceedings to the new bidder. (See *Estate of Bradley* (1914), 168 Cal. 655, 660 [144 P. 136].) The statute itself does not specify such requirement; we shall not add it."

The section under review is clear and unambiguous and "should be read and interpreted exactly as it is written."

(*Estate of Naftzger, supra.*) There is nothing in the language of the section which would indicate an intention to impose upon the procedure outlined in its last sentence the conditions of unfairness and inadequacy of price recited in the foregoing sentence.

Moreover, when a sale is ordered in a partition action, it is to the mutual advantage of both parties to get the highest price available in the market, and it is within the sound discretion of the trial judge to accept a higher bid when offered at the hearing for confirmation.

For the reasons stated, that portion of the judgment appealed from confirming sale of Parcels 1 and 2 to the highest bidder in open court is affirmed.

White, P. J., and Doran, J., concurred.