No. 22272.

PAUL B. ADEN AND LUISE L. ADEN *v.* ESTATE OF WALTER E. HATHAWAY, DECEASED, AND KATHRYN E. HATHAWAY, EXECUTRIX.

(427 P.2d 333)

Decided April 3, 1967.     Rehearing denied May 29, 1967.

GERALD A. KAY, for plaintiffs in error.

RODDEN, COOPER, WOODS & MITCHELL, CLYDE J. COOPER, JR., for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error, hereinafter referred to as the Adens, were the lessees of real estate commonly known and described in the written lease as 2625 East Third Avenue in Denver, Colorado. It actually consisted of an area which had a 35 foot frontage on East Third Avenue.

The lessor was Walter E. Hathaway, now deceased. The lease contained, *inter alia*, the following provision:

"4. It is agreed that if the Lessor wishes to sell the property at any time, during term or renewal, he shall be required first to offer the property to the Lessees on the same terms and under the same conditions on which he is willing to sell it to another, and if they agree to purchase on such terms and conditions, then to sell to them."

The lessor was also the owner of a substantially larger tract of land which was adjacent to the property leased to the Adens. Negotiations entered into between Flank Oil Company and Hathaway resulted in a written agreement between them that the Company would buy the entire tract including the 35 foot frontage area facing on East Third Ave., and that Hathaway would sell the

entire tract to the Company for a stipulated sum. This agreement contained the following pertinent proviso:

"4. It is mutually agreed that the obligations of the Buyer hereunder are expressly conditioned upon the Lessees, named in Paragraph 3, above (referring to Paul B. and Luise Aden) releasing and waiving all their rights to purchase the property under Paragraph 4 of the Rider to the Lease."

The Adens were requested to waive their right of "first privilege" to purchase the smaller tract under lease to them. This they refused to do, and the "agreement" between Flank Oil Company and Hathaway became a nullity because its very existence depended upon a waiver by the Adens which was not secured. The Adens thereafter sought to compel a sale to them of the leased property by the successors to the interests of Hathaway (he having died), and they offered to pay a "pro rata" per square foot price using as a measure the price agreed upon for the larger tract in the contract between Flank Oil Company and Hathaway. The Adens brought the demand for "specific performance" under the provisions of C.R.S. 1963, 153-10-14 to 18.

It is the position of counsel for the Adens that when Hathaway entered into the contract with Flank Oil Company covering the large tract of ground, including therein the leased property, he thereby irrevocably indicated a "wish" and a "willingness" to sell the smaller included tract under lease to them, and that the law then permits them to demand the sale to them of the smaller tract on a pro rata basis. This argument is made notwithstanding the proviso in the Flank Oil Company contract which expressly required a waiver from the Adens. It is urged that we should compel specific performance even though there is nothing whatever in the record to indicate that Hathaway had at any time expressed a "wish" or a "willingness" to dispose of the premises leased to the Adens as a separate parcel of land. His expressed intent was to sell in one package a very much larger tract of

314

ground and the contract which expresses this intent, in itself, precludes the conclusion that Hathaway had any intention to sell the smaller tract in a transaction other than as an included portion of the contract for the whole tract.

The trial court refused to order specific performance and dismissed the petition filed by the Adens at the conclusion of the evidence offered by them.

The most recent decision bearing upon the question presented by the record appears to be *Guaclides v. Kruse*, 67 N. J. Super. 348, 170 A.2d 488, in which we find the following pertinent language:

"As indicated in the better reasoned cases collected in an annotation in 170 ALR 1068 (1947), the holder of the option of first refusal on a portion only of a larger tract may not obtain specific performance of his option so as to require conveyance to him of the whole property the owner desires to sell . . . Nor may the property owner, by the acceptance of an offer to sell the whole, be compelled by judicial decree to dispose of the optioned part separately from the property as a whole. An attempt to sell the whole may not be taken as a manifestation of an intention or desire on the part of the owner to sell the smaller optioned part so as to give the optionee the right to purchase the same . . ." (The Court cites the various decisions discussed above in support of their position.) "Only one jurisdiction insofar as we know, entertains a different view." (See Brenner v. Duncan, 318 Mich. 1, 27 N.W.2d 320 (Sup. Ct. 1947).

We are satisfied that the conclusion reached in *Guaclides v. Kruse, supra,* represents the great weight of authority in this country. We adopt the rule announced in that case.

The judgment is affirmed.

Mr. Justice Hodges not participating.