[Civ. No. 15342. Fourth Dist., Div. Two. Dec. 15, 1975.]

Estate of MARJORIE W. QUACKENBUSH, Deceased.
SAM KELBER et al., Plaintiffs and Appellants, v.
RICHMOND QUACKENBUSH, as Co-executor, etc., et al.,
Defendants and Respondents;
JAMES WHITE OIL COMPANY, Claimant and Respondent.

752

COUNSEL

Kelber & Kelber and Bernard Kelber for Plaintiffs and Appellants.

Johnson, Bannon, Wohwlend & Johnston and William D. Johnston for Defendants and Respondents.

No appearance for Claimant and Respondent.

## Opinion

**TAMURA, Acting P. J.**—Under the terms of a lease executed during her lifetime by Marjorie W. Quackenbush (hereinafter decedent), the lessees (Sam and Philip Kelber) were granted a so-called "option to purchase" the leased property.[1] After decedent's death, the executors of her estate notified the Kelbers of their decision to sell the property on terms offered by the Kelbers' sublessee, triggering the Kelbers' exercise of their contractural "right of first refusal." The executors reported the Kelbers' election to purchase to the probate court and petitioned for an order confirming the sale pursuant to Probate Code sections 755, 780 et seq.[2] At the same time the Kelbers petitioned the probate court for a decree directing specific enforcement of the contract pursuant to section 850 et seq. The court denied the petition for specific performance and, instead, invited bids on the property in open court pursuant to section 785. The property was ultimately sold to the Kelbers' sublessee who offered a higher bid in open court and the sale was confirmed over the written objections of the Kelbers.

The Kelbers appeal from the order confirming the sale and from the judgment denying their petition for a decree of specific performance.[3] The issue on appeal is whether the statutory procedure for confirmation of sales, as opposed to the provision authorizing specific enforcement of contracts made by a decedent, was properly applied in the circumstances here presented.

The lease to the Kelbers contained the following provision: "In the event of a contemplated sale of the premises during the demised term, Lessor agrees to give Lessee a notice in writing, at least ten (10) days

---

[1]The lease provided that the premises were to be used for the purpose of conducting a gasoline service station business and related activities. The Kelbers had subleased the premises to the James White Oil Company.

[2]Unless otherwise indicated, all section references in this opinion are to the Probate Code.

[3]Both the judgment and the order are appealable under section 1240.

from the contemplated sale, of substance of terms on which it is proposed to be made . . . thereupon, within ten days from the receipt of such notice, the Lessee shall have the right to purchase the premises upon the terms and conditions proposed. . . ."

Following decedent's death, the executors, pursuant to the power of sale contained in the will and in response to an offer by the Kelbers' sublessee to buy the property for $65,000, offered to sell the property to the Kelbers' sublessee for $65,000 cash, subject to various conditions. The letter conveying that offer stated: "[T]he agreement the executors make with you is subject to increased bid in open court and any agreement must be contingent upon such increased bid." In addition, one of the enumerated terms of sale was as follows: "This sale is conditioned upon confirmation of the court . . . and shall be returned to that court for confirmation by seller's attorneys at the earliest possible time." Upon receiving notification from the executors of the terms of the contemplated sale, the Kelbers gave the executors written notice that they were exercising their option to purchase the property in accordance with the terms of the lease.

Thereafter, the executors filed a return of sale in the probate court and petitioned for an order confirming the sale of the property to the Kelbers. The Kelbers thereupon filed a petition for a decree directing conveyance of the real property to them for the price of $65,000. The court denied the Kelbers' petition on the ground the statutory provisions governing confirmation of sales of estate property were applicable. The Kelbers' sublessee, the original prospective buyer of the property, submitted in open court a bid of $68,750, an amount sufficient to displace the proposed sale price to the Kelbers. Noting the Kelbers' contractual right of first refusal, the court continued the confirmation hearing for 10 days to give them an opportunity to meet the higher bid. The Kelbers declined to do so, electing to stand upon their position that return of sale and confirmation hearing were improper and that their petition for a decree of specific enforcement should have been granted. The court thereupon confirmed the sale to the Kelbers' sublessee.

The Kelbers renew their contention on appeal. They urge that the statutory procedure for confirmation of sale of real property, specifically the invitation of higher bids in open court, violated their contractual rights. Correlatively, they urge they were entitled to a decree specifically enforcing decedent's contract.

I

■ In pertinent part and with exceptions not here relevant, sections 755 and 785 are set out in the margin below.[4] The question is whether the procedures delineated in those sections were applicable in the instant context.

Considering an analogous situation, the court in *Richfield Oil* v. *Security-First Nat. Bank,* 159 Cal.App.2d 184, at page 189 [323 P.2d 834], noted: "[A]fter lessor's death, his executor lacked the power to bind the estate by his acceptance of the bid of any party without confirmation by the probate court." As in that case, the instant "option" established no agreed upon price; it provided only that in the event of "a contemplated sale" during the term of the lease, the lessor will give lessee written notice of the "substance of the terms on which it is proposed to be made." After decedent's death the terms on which the property could be sold and the option exercised was subject to the control of the probate court. (See *Richfield Oil* v. *Security-First Nat. Bank, supra,* at p. 191.)

The estate of a decedent passes into the custody of the state to be managed until creditors are paid and the rights of devisees and heirs determined. (*Estate of Kennedy,* 87 Cal.App.2d 795, 797-798 [197 P.2d 844].) ■ The manifest purpose of the statutory procedure for return and confirmation of private sales of real property is to protect the decedent's estate from abuse of executorial discretion. ■ The

[4]Section 755 provides in pertinent part: "[A]ll sales of property must be reported to the court and confirmed by the court before title to the property passes. The report must be verified. Such report and a petition for confirmation of the sale must be made within thirty days after each sale. The clerk shall set the petition for hearing by the court . . . ."

Section 785, pertaining to the hearing on confirmation of private sales of real property, provides in pertinent part: "Upon the hearing the court must examine into the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made . . . and must examine the return and witnesses in relation to the sale; and if it appears to the court that good reason existed for the sale, that the sale was legally made and fairly conducted, and complied with the requirements of the previous section, that the sum bid is not disproportionate to the value, and it does not appear that a sum exceeding such bid at least 10 percent on the first ten thousand dollars ($10,000) bid and 5 percent on the amount of the bid in excess of ten thousand dollars ($10,000), exclusive of the expenses of a new sale, may be obtained, the court shall make an order confirming the sale and directing conveyances to be executed; otherwise it shall vacate the sale and direct another to be had, of which notice must be given and the sale in all respects conducted as if no previous sale had taken place. But if a written offer in an amount at least 10 percent more on the first ten thousand dollars ($10,000) bid and 5 percent more on the amount of the bid in excess of ten thousand dollars ($10,000) is made to the court by a responsible person, and the offer complies with all provisions of the law, the court shall accept such higher offer, confirm the sale to such person . . . or, in its discretion, order a new sale. . . ."

instant transaction involved the exercise of considerable discretion by the executors for they alone had determined the terms of the proposed sale. To hold the confirmation procedure inapplicable would frustrate the clear purpose of the statutory arrangement.

Not only were the confirmation provisions of the Probate Code applicable for the reasons set forth above, the offer made ·by the executors expressly provided: "This sale is conditioned upon confirmation of the court" and "the agreement the executors make with you is subject to increased bid in open court and any agreement must be contingent upon such increased bid." The Kelbers accepted those terms in exercising their "option." The court's acceptance of a bid made at the confirmation hearing was therefore not in derogation of the contract. All of the rights to which the Kelbers were entitled under the contract with decedent were protected. The probate court granted them 10 days (the period specified in the "option to purchase") to match the $68,750 bid. Their failure to do so and the resulting confirmation of the sale to the sublessee extinguished their "option" right.

The fact that the executors' offer to sell the property was pursuant to power of sale contained in decedent's will[5] and, as such, did not require for confirmation a showing of necessity, advantage or benefit to the estate (§ 757),[6] did not preclude the court from inviting bids in open court pursuant to section 785. The clear import of section 785 is that the court's authority to invite a higher bid at the confirmation hearing is cumulative to its duty to inquire into the necessity for and advantage of the sale. (Cf. *Parker* v. *Owen,* 96 Cal.App.2d 78, 80 [214 P.2d 417]; *Estate of Bradley,* · 168 Cal. 655, 660 [144 P. 136].) Moreover, a finding of unfairness or inadequate consideration in the proposed sale is not a prerequisite to the acceptance of bids submitted to the court. (*Estate of Bradley, supra,* 168 Cal. 655, 660.) Hence, even sales pursuant to power of sale are properly subject to bidding at the confirmation hearing. (See *Estate of Flaherty,* 69

---

[5]The will provided: "I authorize my executors to sell, with or without notice, at either public or private sale, and to lease any property belonging to my estate, subject to only such confirmation of Court as may be required by law."

[6]Section 757 provides in pertinent part: "When property is directed by the will to be sold, or authority is given in the will to sell property, the executor may sell the same either at public auction or private sale, and with or without notice, as he may determine; but he must make a return of sales and obtain confirmation thereof as in other cases. In either case no title passes unless the sale is confirmed by the court; but the necessity of the sale, or its advantage or benefit to the estate or to those interested therein, need not be shown. . . ."

Cal.App. 429, 431 [231 P. 591]: *In re Pearsons,* 98 Cal. 603, 613 [33 P. 451]; *Estate of Durham,* 49 Cal. 490, 496.)[7]

II

■  The Kelbers' contention that the court erred in denying specific performance is likewise without merit. Section 850, upon which the Kelbers rely, provides: "If a person who is bound by contract in writing to convey any real property or to transfer any personal property dies before making conveyance or transfer, and the decedent, if living, might have been compelled to make such conveyance or transfer, or if a person binds himself or his executor or administrator by contract in writing to convey any real property or to transfer any personal property upon or after his death, and the contract is one which can be specifically enforced, the court in which proceedings are pending for the administration of the estate of the decedent may make a decree authorizing and directing the executor or administrator to convey or transfer the property to the person entitled thereto."

Our discussion in the preceding section of this opinion is dispositive of the Kelbers' contention that they were entitled to a decree directing specific enforcement of their contract. Section 850 authorizes specific enforcement of decedent's contracts "to convey any real property." But decedent did not contractually bind either herself or her executors to convey property at the option of the lessees.

*Bewick* v. *Mecham,* 26 Cal.2d 92 [156 P.2d 757, 157 A.L.R. 1277], cited by the Kelbers in which a decree specifically enforcing an option contracted by a decedent was upheld, is inapposite. The option contracted by the decedent in that case was subject only to the election of the optionee and the appointment of disinterested arbitrators to fix the price. Unlike the decedent herein, the lessor in that case was contractually bound to convey the property at a determinable price once the other party to the contract chose to purchase it. Strictly speaking, the Kelbers had a mere "right of first refusal," not an option to purchase at a fixed or determinable price. Since the contract between decedent and the Kelbers was not a contract to convey real property, section 850 did not empower

---

[7]In the cases cited, the courts referred to former Code of Civil Procedure sections 1517, 1552, 1554, and 1561. Present Probate Code sections 755, 757 and 785 were derived from the former provisions and, in relevant part, are substantially similar thereto.

the probate court to order specific performance. The Kelbers' petition was properly denied.

The judgment and order are affirmed.

Kaufman, J., and McDaniel, J., concurred.