BADER ENTERPRISES, INC., Appellant, v. ERNEST A. BECKER dba CHARLESTON HEIGHTS SHOPPING CENTER, Respondent.

No. 15036

June 27, 1986                                    720 P.2d 1232

[Rehearing denied December 15, 1986]

*Stanley W. Pierce,* Las Vegas, for Appellant.

*O'Brien & Johnson,* Las Vegas, for Respondent.

## OPINION ON REHEARING

*Per Curiam:*

On June 26, 1985, this court issued an Order Dismissing Appeal in the case of Bader Enterprises, Inc. v. Ernest A. Becker dba Charleston Heights Shopping Center. Bader has petitioned for a rehearing, contending that this court erred in sustaining the district court's finding that Becker's claim to certain attached equipment was superior to Bader's. NRAP 40. We grant rehearing for the limited purpose of considering that contention.

The district court's finding that Becker's claim to the attached equipment was superior to Bader's was based upon its interpretation of a ground lease and security agreement. The district court's interpretation "arose solely from the four corners of the written instrument[s] rather than from any extrinsic evidence as to the meaning of the terms used." Caldwell v. Consolidated Realty, 99

Nev. 635, 638, 668 P.2d 284 (1983). Consequently, we are bound neither by the district court's interpretation of the ground lease and security agreement nor by the district court's finding that Becker's claim to the attached equipment was superior to Bader's.

Under the terms of the ground lease, Bader's claim to the attachment equipment was superior to Becker's. In the ground lease, Becker specifically disclaimed any interest in the attached equipment. In addition, the ground lease gave Bader the right to remove the attached equipment. The district court's finding that Becker's claim to the attached equipment was superior to Bader's was incorrect. This court erred in sustaining the district court's finding. Accordingly, we modify our prior Order Dismissing Appeal and remand the case to the district court for further proceedings consistent with this opinion.[1]

MOWBRAY, C. J., and SPRINGER, GUNDERSON, and STEFFEN, JJ., and FOLEY, D. J.,[2] concur.

---

[1]Bader's remaining assignments of error are meritless.

