CROW-SPIEKER #23, a Co-Partnership, Appellant and Cross-Respondent, v. ROBERT L. HELMS CON-STRUCTION AND DEVELOPMENT CO., a Nevada Corporation, and ROBERT L. and PAULINE HELMS, Respondents, and FLORENCE C. ROBIN-SON, as Executrix of the Estate of John E. Robin-son, Deceased, and FLORENCE C. ROBINSON, Respondent and Cross-Appellant.

No. 15907

January 21, 1987                    731 P.2d 348

*Daniel W. Stewart*, Reno, for Appellant and Cross-Respondent.

*Frank R. Petersen*, Reno, for Respondents Robert L. Helms Construction and Development Co., Robert L. Helms and Pauline Helms.

*Leslie B. Gray*, Sparks, *Hale, Lane, Peek, Dennison & Howard*, and *Gregg W. Zive*, Reno, for Florence C. Robinson, as Executrix of the Estate of John E. Robinson, Deceased, and Florence C. Robinson, Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

In early 1973, John E. Robinson ("Robinson") and appellant Crow-Spieker #23 ("#23" or "the Partnership") began negotiations for the purchase of a tract of land ("Tract A") belonging to Robinson. In a letter accompanying the proposed sale agreement, Robinson granted #23 a right of first refusal on another tract ("Tract B"), just south of Tract A.[1] The right of first refusal was set forth as follows:

---

[1]The enforceability of that right is disputed; however, our resolution of this appeal makes discussion of that issue unnecessary.

As I stated in our telephone conversation of May 3, if and when we decide to sell the parcel of land south of Parcel A, between Kleppe Lane and Greg Street, you shall have the first opportunity to purchase the same for the price for, and subject to the terms under, which we are willing to sell the same; or if we receive a bona fide offer for said parcel which is acceptable to us, from another party, you shall have the first opportunity to purchase the same for the price offered by the other party and subject to the same terms as contained in such offer. This is of course conditioned on there being no defaults on your part under the terms of the enclosed agreement for the purchase of Parcel A.

Much later, Robinson concluded that it would be advantageous to sell as a single tract a parcel of approximately 198 acres of land; Tract B, containing between forty and fifty acres, was part of that parcel. Robinson dealt with at least three prospective purchasers of the entire tract: #23, Robert L. Helms ("Helms"), and one John Dermody, who is not a party to this action. Helms made the highest offer: somewhat more than two million dollars. That offer was for the entire 198 acres, with no allocation of a specific value to any particular portion of the tract. However, it was undisputed at trial that Tract B was substantially more valuable than other portions of the tract. There was considerable evidence indicating that Tract B was worth more than $20,000.00 per acre, as opposed to the indiscriminate, average price of approximately $10,600.00 per acre in Helms' offer for the entire tract.

Robinson favored #23 with the details of the Helms' offer and invited the Partnership to match it. The Partnership, however, responded with a letter purporting to exercise the right of first refusal as to Tract B alone. The Partnership estimated that Tract B contained 46.5 acres; its offer was $493,500.00, or approximately $10,600.00 per acre. Robinson sold to Helms, and #23 sued.

The trial court found that Robinson had breached the right of first refusal and awarded #23 damages and attorney's fees, but denied specific performance. The lower court erred in concluding that there was a breach; the right of first refusal was neither implicated nor exercised.[2] Therefore, #23 was not entitled to any of the relief it sought.

It is apparent from the terms of the right of first refusal, that

[2]This issue was not raised by the parties. However, the error is glaringly apparent upon the face of the record. The ability of this court to take cognizance of plain error *sua sponte* is well established. Bradley v. Romeo, 102 Nev. 103, 716 P.2d 227 (1986).

the right applied only to offers to purchase Tract B. In this case, there was no such offer. Of course, we would not condone an attempt to evade #23's contractual rights by engineering the sale of a larger parcel, *see* Myers v. Lovetinsky, 189 N.W.2d 571 (Iowa 1971); Maron v. Howard, 66 Cal.Rptr. 70 (Cal.Ct.App. 1968), but in this case there was no evidence of any wrongful intent. Rather, the record reflects a good faith decision by Robinson to sell the entire tract. Thus, #23's contractual right was totally inapplicable by its own terms. *Accord* Aden v. Estate of Hathaway, 427 P.2d 333 (Colo. 1967); Guaclides v. Kruse, 170 A.2d 488 (N.J.Super.Ct.App.Div. 1961).

If, in the alternative, we viewed Helms' offer as an offer to purchase Tract B, #23 did not match the terms and conditions of that offer. Robinson had no desire to sell only the smaller portion of his land. An offer for Tract B alone, and for less than its market value, was less favorable than the Helms' offer to purchase Tract B and all the other property, taking into account the relative values of the various portions of the tract. Thus, even if the right of first refusal was implicated, it was not validly exercised.

This necessarily resolves the other issues presented for review; #23 was not entitled to any recovery. We reverse the judgment to the extent that it granted relief to the Partnership, and remand with directions to enter judgment for respondents.