V. TRUETT LOFTIN, LOFTIN ASSOCIATES, INC. AND LOFTIN'S ORMSBY HOUSE, INC., APPELLANTS, *v.* THE ESTATE OF WOODROW W. LOFTIN, CLARK G. RUSSELL, AND ROBERT A. CASHELL, RESPONDENTS.

No. 18194

November 30, 1987                    746 P.2d 130

*Manoukian, Scarpello & Alling* and *John P. Springgate,* Zephyr Cove; *Beckley, Singleton, DeLanoy, Jemison & List,* Las Vegas, for Appellants.

*Guild & Hagen* and *C. David Russell,* Reno; *Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

Woodrow W. Loftin and appellant Loftin's Ormsby House formed a limited partnership, Best Investors, in 1981. Best Investors owns and operates the Mother Lode Hotel and Casino in Carson City. Woodrow Loftin, as general partner, held a seventy-four percent interest in Best Investors; Loftin's Ormsby House was a limited partner and held a twenty-six percent interest. The Best Investors partnership agreement contains specific rights concerning the sale of the partnership interests, the interpretation of which is the heart of the instant dispute.

Loftin Investment Corporation, whose sole owner was Woodrow Loftin, leased Lots 59 and 60 of the Sears, Thompson and Sears Division in Carson City to appellant Loftin Associates. The leases granted Loftin Associates a first right of refusal if the properties were sold. The lots were used as parking lots for Mother Lode and Ormsby House customers. Loftin's Ormsby House is the wholly owned subsidiary of Loftin Associates. Appellant V. Truett Loftin, Woodrow Loftin's son, is the president of Loftin Associates.

Woodrow Loftin died October 27, 1985. In March of 1987, respondents Clark G. Russell and Robert A. Cashell offered to purchase the Best Investors partnership interest and the two lots from the estate for $986,000.00. The co-executors of Woodrow Loftin's estate filed a proper return of sale and petition for confirmation of sale with the First Judicial District Court, sitting in probate on the matter.

On the morning of the probate court hearing to confirm the sale of the estate assets to Cashell and Russell, March 17, 1987, V. Truett Loftin, Wilma Loftin, Loftin Associates and Loftin's Ormsby House filed objections with the district court opposing the sale of the estate's assets.[1] In those objections and at the confirmation of sale hearing, Loftin's Ormsby House asserted

---

[1] Loftin Associates and Loftin's Ormsby House also filed a civil complaint in the First Judicial District Court on March 16, 1987, seeking damages from the estate for alleged loans made by them to Best Investors and breach of contract for violating their rights under the Best Investors agreement. A preliminary injunction seeking to halt the probate court's sale of the disputed assets is the subject of an appeal before this court, Docket Number 18254. We have dismissed that appeal as moot because of our resolution in the instant case.

that the Best Investors agreement gave the Ormsby House an option to purchase Woodrow Loftin's Best Investors interest on written notice, which it had not yet received. After conducting a public auction pursuant to NRS 148.240, the probate court confirmed the sale of the estate's assets to Cashell and Russell over appellants' objections, for $1,016,000.00, without explaining how the probate court interpreted the partnership rights and whether it was acting in regard to those rights.

Appellants then brought this appeal, contending that the district court sitting in probate lacks the jurisdiction to litigate conflicting property rights in assets owned by an estate, and that by selling the partnership interest their alleged "option" rights had been litigated and extinguished. Respondents contend that the probate court acted properly in not adjudicating the alleged "rights of first refusal" and that appellants waived their rights by not exercising them when afforded an opportunity to do so during the confirmation hearing.

It is clear that a district court sitting in probate lacks the statutory authority to investigate and determine competing ownership claims in estate property offered for sale before it. NRS 148.270 empowers the probate court, *inter alia,* to determine whether the sale's procedure was proper and the bid fair. The statute does not allow the probate judge to investigate competing ownership claims. *See* In re Devincenzi's Estate, 65 Nev. 158, 165, 190 P.2d 842 (1948); In re Singleton's Estate, 26 Nev. 106, 111, 64 P. 513 (1901). The probate court did not state, as it could not state, whether it had interpreted the disputed Best Investors rights. However, in selling the Best Investors' interest the probate court impliedly made a preliminary determination of what those rights were and whether the court could in fact proceed. If the Best Investors agreement created rights of first refusal then the probate court could sell the assets subject to those rights. If the provision constituted an option then the probate court was without jurisdiction to act because under its terms Loftin's Ormsby House, as the surviving limited partner was accorded the right to purchase the Mother Lode at book value. The determination of "book value" was not within the jurisdiction of the probate court.

Because this court has before it a record identical to that before the lower court, and the probate court based its decision solely on its review of the Best Investors' agreement and not on any testimony by a party, we are free to make a de novo review of the rights created by the subject agreement. Bader Enterprises v. Becker, 102 Nev. 339, 339, 720 Nev. 1232 (1986); Caldwell v. Consolidated Realty, 99 Nev. 635, 638, 668 P.2d 284 (1983).

We hold that the Best Investors limited partnership agreement granted Loftin's Ormsby House an option to purchase Woodrow Loftin's interest. While the pertinent provision states that the rights created were "rights of first refusal," the specific terms of the provision describe rights which constitute an option. The provision creates an ascertainable price: "book value." It provides specific times when the right may be exercised: for ninety days after written notice of the death or withdrawal of the general partner. The provision also specifies how it can be waived. None of these elements typifies rights of first refusal. *See* In re Estate of Quackenbush, 53 Cal.App.3d 753, 125 Cal.Rptr. 832, 835-36 (Cal.Ct.App. 1975); Cities Service Oil Company v. Estes, 155 S.E.2d 59, 62 (Va. 1967); Black's Law Dictionary 986, 1191 (5th Ed. 1985).

Because the contract right before the probate court constituted an option, no sale of the Mother Lode could have been effectuated to parties other than the optionee without a formal adjudication of waiver by the optionee. The probate court was without jurisdiction to make such a determination. The probate court therefore erred when it proceeded with the sale because the sale affected the Ormsby House's option rights. The probate court should have deferred to the outstanding district court suit that concerned issues of "book value," the sufficiency of notice and the waiver of rights by the optionee. Because our decision turns on the preliminary issue of the nature of Best Investor's rights, the sale is obviously invalid and we need not consider any other issue raised by the parties. We therefore vacate the probate court order confirming the sale of the assets of the estate of Woodrow W. Loftin and remand the sale to the probate court for action consistent with this opinion.

This disposition requires that the estate resell Lots 59 and 60. Although there was evidence that the lots had been valued separately within earlier offers, the probate court's order confirming sale does not specify values for the two lots because Cashell and Russell offered to buy the lots and the Best Investors' interest as a unit. Therefore the sale of these two lots must be vacated and the estate must renew the sale procedure. Although burdensome to the estate of Woodrow Loftin this action is mandated by the probate court's error in selling the three estate assets as a unit. The probate court's joint sale affected differing contractual rights held in specific properties. *See* Crow-Spieker v. Robinson, 103 Nev. 1, 731 P.2d 348 (1987). On remand if the holder of the first refusal rights, Loftin Associates, is not the purchaser of the two lots at the confirmation of sale hearing, the probate court should

allow Loftin Associates a reasonable time for the opportunity to exercise their first refusal rights. *See* In re Estate of Quackenbush, 125 Cal.Rptr. 832 (Cal.Ct.App. 1975); Richfield Oil Corp. v. Security-First National Bank, 323 P.2d 834 (Cal.Dist.Ct.App. 1958).

We therefore vacate the order confirming sale of the Best Investors limited partnership interest and direct the probate court to stay any sale of the estate's assets until the parties determine in a court of competent jurisdiction the issues of waiver, "book value" and notice mentioned above. Once the parties' rights have been determined, the estate may petition the probate court for such relief as will be appropriate.